DENNIS McGUIRL

v.

HUGH McGUIRL.

WITNESS—INSANITY.—Where plaintiff was a witness in his own behalf testifying in regard to an alleged special contract made with defendant, it was competent for defendant, who denied that such contract was ever made, to prove by testimony *aliunde* that plaintiff was a lunatic at the time when he claimed the special contract was made, and at the time of being a witness. Such evidence is clearly competent as affecting the credibility of the witness.

APPEAL from the County Court of Cook county; the Hon.

MASON B. LOOMIS, Judge, presiding.    Opinion filed April 24, 1883.

Mr. GEORGE A. DUPUY, for appellant; that a person who is *non compos mentis*, is inadmissible as a witness, cited 1 Greenlf. on Ev. 421; Livingston v. Hierstand, 10 Johns. (N. Y.) 362; Robinson v. Dana, 16 Vt. 474; 1 Wharton on Ev. § 403; R. v. Whitehead, L. R. 1 C. C. 33.

Evidence as to the insanity of a witness at the time of the transaction about which he is called to testify, is admissible: Holcomb v. Holcomb, 28 Conn. 177; Grant v. Thompson, 4 Conn. 208.

Messrs. ABBOTT, OLIVER & SHOWALTER, for appellee; that an insane person can not make a stipulation by attorney, cited Hance v. Miller, 21 Ill. 636; Magill v. Brown, 98 Ill. 238.

McALLISTER, J.    This action was brought in the court below, by Hugh against Dennis McGuirl, his brother, to recover for work and labor, alleged to have been performed by the former, under a special contract of hiring.    There was a verdict and judgment against defendant for four hundred and seventy-five dollars, and he brings the record to this court, assigning for error that the court below excluded competent and material evidence offered by him on the trial.    The plaintiff, who was the only witness on his behalf, to prove the alleged special contract, testified that the defendant came to the city of New York, where plaintiff then was; that the defendant arrived there about midnight, and before ten o'clock the next morning, hired plaintiff to go to Chicago, and work for him, he, the defendant, agreeing to pay plaintiff twenty-five dollars per month for such work; that this was in September, 1880, and that he had worked for defendant to April, 1882, about nine months.

The defendant, who was a witness in his own behalf, offered to prove by himself and other witnesses, that he went to New York at the request of members of their family to bring plaintiff home with him, to be taken care of on account of

his mental condition.    And defendant offered to prove by testimony other than that of plaintiff himself, that the latter was insane at the time he claimed such contract was made, had been ever since, and still was.    But on objection by plaintiff's counsel, the court ruled out all such evidence, and decided that defendant was confined to evidence tending only to disprove the fact of plaintiff performing labor for him.    To which rulings the proper exception was taken.

There was no evidence upon a *quantum meruit;* hence, the verdict was sustainable only upon the ground of the special contract to pay twenty-five dollars per month.    The plaintiff being a witness in his own behalf, it was entirely competent for the defendant to prove by testimony *aliunde* that the plaintiff was a lunatic at the time when he claimed such special contract was made, and at the time of being a witness, the defendant denying that any such contract was ever made by him.    If the offer had been before the plaintiff was sworn as a witness, the evidence would have gone to his competency as a witness. The law is laid down by Baron Comyns thus: "Every witness must be credible, and therefore a man of non-sane memory shall not be allowed as a witness, as, an idiot, a lunatic during his lunacy."    6 Comyns' Dig. 351; Evans v. Hettick, 7 Wheat. 453; Livingston v. Kiersted, 10 Johns. 362; Robinson v. Dana, 16 Vermont, 474; 1 Greenleaf on Ev. § 365; 1 Phillips on Ev. p. 10.

Wharton says: "The judge on being convinced of the incompetency of the witness (from mere mental delusions or mental disturbance) at the trial, may at any period stop the examination and direct the jury to disregard the witness' testimony."    Reg. v. Whitehead, L. R. C. C. 33; 1 Wharton on Ev. § 403.

The evidence offered was clearly competent as affecting the credibility of the witness.    Holcomb v. Holcomb, 20 Conn. 117.

For the error of the court in ruling out the evidence of plaintiff's insanity, the judgment must be reversed and the cause remanded.

Reversed and remanded.